■     In the Matter of DIMITRI HORBAY, Respondent, v DANIEL J. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.—In a proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of Rent and Housing Maintenance, dated January 7, 1977, which, after a hearing, denied petitioner's application for a certificate of eviction and affirmed an order of the district rent director to that effect, the appeal is from a judgment of the Supreme Court, Queens County, dated June 3, 1977, which annulled the determination and directed appellant to issue the certificate of eviction. Judgment affirmed, without costs or disbursements. Petitioner-respondent owns a two-family home in Flushing and lives on the ground floor. His mother and father, both elderly and infirm, lived on the second floor. Petitioner applied in November, 1975 for a certificate of eviction in order to relocate his parents to the first floor, rear apartment of the subject premises, which is also located in Flushing and

where petitioner conducts his business during the day. Petitioner submitted credible medical evidence to the district rent director indicating that his father, who had been hospitalized with a heart attack from mid-June to mid-July, 1975, and his mother were both ill with heart disease and arthritis, respectively, and had to avoid climbing stairs. (Although petitioner's father died prior to the argument of this appeal, petitioner's mother is alive and still in need of a first-floor apartment.) Petitioner further stressed that his parents, who were then residing in the second-floor apartment of petitioner's two-family house, were far from shopping facilities and could not be supervised during the daytime since both petitioner and his wife worked together in the business. The affected tenants argued before the district rent director that (1) the petitioner was acting in retaliation for a $5.50 rent reduction for the months of September and October, 1975; (2) that petitioner and his parents could merely switch apartments in their present home; and (3) that there had been a vacancy in August, 1975 in the second-floor apartment of the subject premises which was not offered to the parents or to the tenants in exchange for their first-floor apartment. The district rent director accepted the latter two arguments of the tenants and denied the application on the ground that petitioner had not demonstrated good faith. On appeal to the commissioner, petitioner argued that his father was still critically ill in August, 1975 (three weeks after his discharge from the hospital) when the vacancy in the subject premises occurred, and plans to move him were not uppermost in petitioner's mind at the time. With respect to his own first-floor apartment, petitioner testified that it contained no bathtub. Finally, petitioner testified to his good relations with his tenants. The commissioner, without discussing the question of good faith, denied petitioner's application on the ground that petitioner had not met his burden of proof regarding the existence of an immediate and compelling necessity. In particular, the commissioner noted that petitioner had failed to explain why he had not exchanged his apartment with his parents in his own home. Upon the proceeding to annul the commissioner's determination, the Special Term granted the petition and directed that a certificate of eviction be issued. The Special Term held that there was no rational basis for the commissioner's determination since petitioner had "established the requisite of good faith, i.e., an honest intention and desire to gain possession of the apartment for his parents * * * as well as an immediate and compelling necessity for possession of the subject apartment." We agree with the holding of the Special Term. There is no evidence in the record to support any finding other than that petitioner desired to obtain the subject apartment for his parents in order to alleviate the effects of their advanced age and infirmities. The uncontradicted medical evidence clearly demonstrated that petitioner's parents could not climb stairs and needed a first-floor apartment (see *Matter of Morales v Temporary State Housing Rent Comm.,* 20 Misc 2d 581). The objections of the tenants were not of sufficient weight to warrant a denial of the landlord's application for a certificate of eviction. The vacancy in the subject premises which the tenants point to occurred in August, 1975, only three weeks after petitioner's father was discharged from the hospital and at a time when he was still critically ill and in danger of dying. Petitioner cannot be faulted for failing to seize upon that option at a time of such stress and uncertainty. Immediately upon the stabilization of his father's condition, petitioner, acting on appropriate medical advice, applied for the certificate of eviction. Nor was there anything in the record to substantiate the tenants' argument that petitioner's application was in retaliation for the isolated and relatively insignificant

refund which petitioner was directed to pay the tenants for the months of September and October, 1975. Finally, petitioner's refusal to exchange his first-floor apartment in his own home with that occupied by his parents was perfectly justified. The absence of a bathtub in the first-floor apartment of petitioner's home made it particularly unsuitable for petitioner's parents. Cohalan, J. P., Titone, Hawkins and Suozzi, JJ., concur.